IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DARNELL WILLIAMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL ACTION 04-0692-CB-D** |
| ) | |
| **MOBILE COUNTY METRO JAIL,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 (Doc. 1). This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4), and is now before the court on plaintiff's failure to pay the partial filing fee and failure to comply with the court's orders.

**I.     PROCEDURAL HISTORY**

1.     On or about October 29, 2004 plaintiff filed a complaint against defendants alleging, in sum, that they failed to take him to have an operation on his right hand and an MRI on his right shoulder. (Doc. 1)

2.     On or about November 1, 2004 plaintiff filed a motion to proceed in forma pauperis. (Doc. 2) By order dated November 10, 2004 undersigned granted plaintiff's motion and directed plaintiff to remit a partial filing fee of $2.02 by November 30, 2004. (Doc. 3)

3.    Plaintiff failed to remit the filing fee as ordered. However, on December 8, 2004 and December 17, 2004 plaintiff filed duplicative motions for status. (Docs. 4, 5)

4.    On December 21, 2004 the court entered an order granting plaintiff's first motion for status (Doc. 4), mooting the second motion for status (Doc. 5) and directing the clerk to forward plaintiff a copy of the docket sheet. (Doc. 6)

5.    On January 21, 2005 plaintiff filed a notice of change of address. (Doc. 7)

6.    On June 23, 2005 the court entered a second order directing plaintiff to remit the partial filing fee of $ 2.02 by July 13, 2005. (Doc. 8) As he had been previously, plaintiff was warned that the failure to comply with the court's order within the prescribed time would result in a recommendation of dismissal of this action for failure to prosecute. (Id.)

7.    The court's June 23, 2005 order was forwarded to the address provided by plaintiff in his most recent correspondence to the court. (See Doc. 7) The court's order has not been returned as undeliverable for any reason. [1]

8.    To date, the plaintiff has not paid the partial filing fee nor has he responded to the court's order in any manner.

## II.    DISCUSSION

On November 10, 2004 the court entered an order directing plaintiff to remit a partial filing fee of $2.02 no later than November 30, 2004. (Doc. 3) Plaintiff failed to remit the fee as ordered. Shortly thereafter, in early December, plaintiff filed duplicative motions for status. (Docs. 4, 5) On

---

[1] The court notes that *none* of the orders sent to plaintiff in this action have been returned to the court as undeliverable for any reason.

December 21, 2004 the court entered an order granting the first motion, mooting the second (duplicative) motion and directing the clerk to forward plaintiff a copy of the docket sheet.

Upon status review of this matter in June 2005, the court discovered that plaintiff had failed to remit the partial filing fee as directed.  Accordingly, on June 23, 2005, in an abundance of caution, the court entered a second order directing plaintiff to pay the a partial filing fee of $2.02 no later than July 13, 2005.  (Doc. 8)  As he had been in the court's previous order, plaintiff was again warned that his failure to comply with the court's order within the prescribed time would result in a recommendation of dismissal of his action.  (Id.)  Over a month has now passed and plaintiff  has not paid the partial filing fee as ordered.  The court's order has not been returned as undeliverable for any reason and the undersigned has no reason to believe that plaintiff did not receive a copy of the order.

Therefore, upon consideration of the alternatives that are available to the court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. )

(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE and ORDERED** this 24th day of August 2005.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                                **KRISTI K. DuBOSE
                                                                UNITED STATES MAGISTRATE JUDGE**